**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DONALD A. CARROLL,** | : |
| | : |
| **Plaintiff** | **CIVIL ACTION NO. 3:12-0553** |
| | : |
| v. | |
| | : (JUDGE MANNION) |
| **CLIFFORD TOWNSHIP,** *et al.*, | |
| | : |
| **Defendants** | : |

# M E M O R A N D U M

Pending before the court in this freedom of association action are the motions in limine of both parties. Defendants have submitted motions to exclude evidence of lost wages, (Doc. 41), and to exclude evidence of plaintiff's status as police chief, plaintiff's 2009 state lawsuit against the township, the township's police department budget reduction and disbandment, prior bad acts of defendants, citizen complaints, and Facebook comments made by a non-party. (Doc. 50). Plaintiff has submitted a motion to exclude evidence regarding allegations of misconduct or prior bad acts on the part of plaintiff. (Doc. 42).

## I.    BACKGROUND

Plaintiff Donald Carroll was hired as a police officer by Clifford Township in June of 2001. He brought this suit against Clifford Township and township supervisors Dennis Knowlton and Chris Marcho, alleging retaliation in

violation of the First Amendment and interference with his First Amendment right to association. The third township supervisor, Barry Searle, is not a defendant in this action.

Plaintiff filed a lawsuit in state court against Clifford Township in August 2009, concerning violations of the Police Tenure Act. The lawsuit was decided in favor of the township. In 2007, plaintiff first asked a then-supervisor of the town to sign an application for his admittance into the Fraternal Order of Police ("FOP"). The application was not signed in 2007. Plaintiff then produced another FOP application to the township supervisors in 2011, and another in 2012. None of the applications were signed by any Clifford Township supervisor, and plaintiff did not submit either application to the FOP.

The township was experiencing financial difficulties from 2008 until the time plaintiff filed this action on March 28, 2012. The township was nearly one-half a million dollars in debt by 2012, largely on account of losing a long-pending lawsuit against a township contractor. In May of 2012, the township supervisors disbanded the police department because of these financial reasons.

Before the department was disbanded, citizens complained to the township supervisors about police, particularly plaintiff, giving out citations. Plaintiff's claims that defendants instructed citizens to complain in retaliation for filing a lawsuit against the township did not survive summary judgment. Plaintiff filed this suit alleging First Amendment retaliation, and violation of the

2

right of association. In a memorandum and an order, both issued on December 3, 2013, (Docs. 39, 40), the court granted summary judgment on plaintiff's claims for retaliation, leaving only the right of association claim to proceed to trial. The sole issue at trial is whether defendants violated plaintiff's right to freedom of association by failing to sign his applications to join the FOP.

**II.   DISCUSSION**

Plaintiff's remaining claim is for violation of the First Amendment right to association. "It is well established that the First Amendment right of association guarantees the right to join a union and advocate in favor of unionization." Day v. Borough of Carlisle, 2006 WL 1892711, at *8 (Jul. 10, 2006 M.D. Pa.)(*citing* Thomas v. Collins, 323 U.S. 516, 532 (1945)). The court considers the motions in limine in light of this remaining claim.

It is axiomatic that "irrelevant evidence is not admissible." Fed.R.Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and if "the fact is of consequence in determining the action." Fed.R.Evid. 401. Even if evidence is relevant, the court can exclude it if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed.R.Evid. 403. While evidence

of past acts is not admissible to prove a person's character in order to show that a person acted in accordance with that character on a particular occasion, such evidence may be used for other purposes, such as proving motive, opportunity, or intent. Fed.R.Evid. 404.

### Defendants' Motion to Exclude Wage Loss

Defendants move to exclude evidence of plaintiff's wage loss. Plaintiff's sole remaining claim regards whether defendants interfered with his right to join a union. This court already determined that all township police, including plaintiff, had their positions terminated because of the financial distress of the township. (Doc. 39). Any wage loss suffered by plaintiff occurred as a result of losing his job, and plaintiff has not shown any logical connection between the alleged interference with plaintiff's ability to join the FOP and the loss of his wages. Plaintiff argues that had he joined the FOP, he would have been protected from losing his job by disbandment of the department. This argument is tenuous and purely hypothetical, and does not bring plaintiff's claim for wage loss into the realm of relevancy. Accordingly, defendant's motion to exclude evidence of wage loss, (Doc. 41), is **GRANTED**.

### Defendants' Motion to Exclude Various Evidence

Defendants also move to exclude the following evidence on relevancy grounds: plaintiff's promotion to and/or status as Police Chief; plaintiff's

August 2009 lawsuit against the township; evidence regarding the legitimacy of the township's budget problems which resulted in the disbandment of the police department; prior bad acts of defendants Marcho and Knowlton; township citizen complaints about plaintiff; and Facebook comments made about plaintiff by a non-party.

Defendants move to exclude evidence that plaintiff was chief of police and evidence of the August 2009 state court lawsuit as irrelevant. The lawsuit, in which plaintiff brought claims against the township under the Police Tenure Act, was resolved when the Susquehanna County Court of Common Pleas found for the township on September 6, 2013, and determined that plaintiff had never been Chief of Police of Clifford Township. (Doc. [34](#)-5). That decision is in the appeals process, but as it stands, it would be inaccurate to refer to plaintiff as police chief, and would raise an issue that is hotly disputed by the parties, but that is unnecessary to the resolution of this case. Whether plaintiff was police chief or not is irrelevant to the question of whether defendants interfered with plaintiff's right to join a union. Plaintiff is free to elicit background evidence to establish that he was a police officer in the township for some duration, to establish that he was someone entitled to join the FOP, and to establish his credibility, all of which are certainly relevant. However, plaintiff need not establish that he was chief of police to do this.

Similarly, plaintiff's suit against the township is irrelevant to the claim at issue in this trial. The suit involves a dispute between plaintiff and the

township over his status as Chief of Police. Plaintiff argues that evidence of that lawsuit is necessary to show why plaintiff believed he needed union membership. However, plaintiff can address the potential benefits of union membership without addressing the lawsuit, and moreover, *why* plaintiff desired union membership is not an issue in his freedom of association claim. Further, plaintiff's First Amendment retaliation claims, on which summary judgment was granted for defendants, alleged that plaintiff's 2009 lawsuit was the cause for defendants retaliating against plaintiff. Even if it were relevant, allowing evidence of the lawsuit is likely to confuse the issues of the case, create a situation in which the parties are wasting time by re-litigating the retaliation question, which has been decided, and distract from the narrow question at issue here.

Defendants also seek to exclude evidence regarding the township budget reduction which resulted in plaintiff losing his job. That the township was in budgetary distress at the time the department was disbanded, and that the department was disbanded because of that budgetary distress, are findings of this court. Plaintiff contends that showing discrepancies in the budget is important to undermine the credibility of the defendants. But the police department disbandment and the township budget are irrelevant to the narrow claim that remains. The credibility of defendants as it relates to the circumstances surrounding the failure to sign the FOP application is at issue, but evidence regarding the township budget is not relevant to the underlying

issue, or to the credibility of defendants as it relates to the freedom of association claim. As with evidence of the 2009 lawsuit, evidence regarding the township budget will only serve to confuse the issues and cause the parties to re-litigate the legitimacy of the department disbandment, an issue that has already been decided.

Defendants finally move that no evidence of prior alleged "bad acts" by defendants Marcho and Knowlton be admitted, including evidence regarding the police department disbandment, complaints by citizens allegedly fomented by defendants, and Facebook complaints about plaintiff and other police officers posted by defendant Marcho's brother, who is a non-party. None of these prior "bad acts" is relevant to the issue at hand. As discussed above, the disbandment and its causes are not relevant to this matter. The citizen complaints and Facebook comments are also not relevant. The court has already found that there is no evidence in the record substantiating plaintiff's claim that defendants were inciting these citizen complaints and Facebook messages, and, importantly, citizen complaints about plaintiff giving out citations have no bearing on the circumstances surrounding defendants not signing the FOP application. Defendants' motion to exclude various pieces of evidence, (Doc. 50), is **GRANTED**.

Plaintiff's Motion to Exclude Evidence of Prior "Bad Acts"

Plaintiff moves to exclude evidence that plaintiff was demoted in 2009,

and evidence that paints plaintiff as a bad police officer, particularly complaints that he was issuing too many citations. (Doc. 42). Plaintiff's motion to exclude evidence of citizen complaints about plaintiff issuing citations mirrors defendants' motion to do the same, and the court has agreed that such evidence is irrelevant to this matter. As to the citizen complaints, plaintiff's motion is **GRANTED**.

As to the investigation of plaintiff and his status, the court finds that it is relevant to an issue at the heart of this case. Defendants have represented that they intend to employ a defense that plaintiff was not a police officer in good standing at the time the requests to sign the FOP applications were made, which they believe was a requirement of the FOP application. The timeline of the investigation is disputed by the parties, and is clearly relevant to the issue of whether plaintiff's rights were violated, because if plaintiff did not have standing entitling him to FOP membership, it makes it less likely that defendants violated his right to join the FOP. Thus, plaintiff's employment status and whether he was under investigation at the times defendants failed to sign the FOP applications is relevant.

Defendants need not, however, elicit evidence regarding specific details of the investigation, as the timing of the investigation and its effect on plaintiff's employment status at the times the FOP applications were requested to be signed is the relevant issue. Thus, plaintiff's motion to exclude mention or evidence of investigation of plaintiff is **DENIED**.

**IV.    CONCLUSION**

In light of the foregoing, defendants' motion to exclude evidence of plaintiff's wage loss is **GRANTED**. Defendants' motion to exclude evidence of plaintiff's promotion to and/or status as Police Chief, Plaintiff's August 2009 lawsuit against the township, evidence regarding the legitimacy of the township's budget problems which resulted in the disbandment of the police department, prior bad acts of defendants Marcho and Knowlton, township citizen complaints about plaintiff, and Facebook comments made about plaintiff by a non-party is **GRANTED**. Plaintiff's motion is **GRANTED** as to evidence of citizen complaints about plaintiff issuing citations. Plaintiff's motion is **DENIED** as to evidence of the timing of the investigation of plaintiff and its effect on his employment status. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: March 7, 2014**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2012 MEMORANDA\12-0553-02.wpd

9