# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD A. CARROLL, | : |
| | : |
| Plaintiff | CIVIL ACTION NO. 3:12-0553 |
| | : |
| v. | : |
| | (JUDGE MANNION) |
| CLIFFORD TOWNSHIP, *et al.*, | : |
| | : |
| Defendants | : |

## M E M O R A N D U M

Plaintiff, a township police officer, brought this suit against Clifford Township and two of its three supervisors. He alleged that they had retaliated against him for filing lawsuits and other behavior by, among other actions, decreasing the police department budget and eventually disbanding the police department. Plaintiff brought four claims, three for First Amendment retaliation and one for interference with his First Amendment right of association for the township supervisors' failure to sign his application for the Fraternal Order of Police, a union. Plaintiff's First Amendment retaliation claims were disposed of at the summary judgment stage, and his case proceeded to trial on one sole issue: whether his First Amendment right of association had been interfered with by the failure to sign the FOP application. The trial resulted in a $1.00 verdict for plaintiff, who now moves for attorney fees pursuant to 42 U.S.C. §1988. Because the award was for mere nominal damages, the motion is **DENIED**.

**I.    BACKGROUND**

In this case, plaintiff Clifford Township police officer Donald Carroll brought several claims against Clifford Township and two of its township supervisors, Dennis Knowlton and Chris Marcho, pursuant to 42 U.S.C. §1983. The third township supervisor, Barry Searle, commissioner of the township police force, was not a defendant in the case. Plaintiff's claims for First Amendment retaliation were disposed of at the summary judgment stage, with the court determining that the township had disbanded the police department for financial reasons and that there was no question of material fact sufficient to allow the question of whether plaintiff had been retaliated against to go forward. The decision left only one issue for trial - whether the defendants had violated plaintiff's First Amendment right to association by failing to sign his application to become a member of the Fraternal Order of Police ("FOP"), a union for police officers.

Following the two-day trial, the jury returned a verdict for plaintiff, and awarded him $1.00. The jury also awarded plaintiff punitive damages of $30,000.00. The court dismissed the punitive damages, finding that the evidence at trial did not support a finding that the individual defendants acted with the necessary ill intent or recklessness to justify them. (Docs. 82, 83). Now before the court is the plaintiff's motion for $111,037.60 in attorney fees and costs pursuant to 42 U.S.C. §1988(b). (Doc. 78). The motion has been briefed, (Docs. 79, 88, 92), and is ripe for decision. Subsequent to briefing,

plaintiff filed an affidavit from his counsel in support of additional attorney fees incurred in spending twenty-two hours on preparing the fee petition and 10.3 hours spent on the case "after filing the motion for attorney fees and costs." (Doc. 97). This affidavit seeks another $12, 512.50 in attorney fees, bringing the total request for fees from plaintiff to $123, 550.10.

**II.     STANDARD OF REVIEW**

Civil rights plaintiffs who receive nominal damages are prevailing parties. Farrar v. Hobby, 506 U.S. 103, 112 (1992). Nevertheless, the "technical" nature of a nominal damages award "bears on the propriety" of fee awards in cases where a civil rights plaintiff is granted nominal damages. Id., at 114. "When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." Id., at 115.

An award of nominal damages highlights that plaintiff failed to prove actual, compensable injury. Id. Damages awarded in a §1983 action must be designed 'to *compensate injuries* caused by the [constitutional] deprivation.'" Id.(*citing* Memphis Community School Dist. v. Stachura, 477 U.S. 299, 309 (1986)(emphasis in original)). "Where recovery of private damages is the purpose of ... civil rights litigation, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought." Id., at 114 (quoting Riverside v. Rivera, 477

U.S. 561, 585 (1986)). "Having considered the amount and nature of a damages award," a court may award low fees or no fees without analyzing reasonableness factors or considering the reasonableness of the hours worked and the hourly rate claimed by plaintiff. Id.

Justice O'Connor's concurring opinion in Farrar notes that in rare cases, there are indicia of success which may make attorney fees appropriate even where only nominal damages were awarded. If the difference between the damages awarded and damages sought is not great, if the legal issue is particularly significant, or if the lawsuit serves an important public purpose, then attorney fees *may* be appropriate. Id., at 121-22.

The Third Circuit extensively discussed Farrar in Velius v. Twp. of Hamilton, 446 F.App'x 133 (2012):

> "We read Farrar to grant district courts substantial discretion to decide whether no fee or some fee would be reasonable, as long as they acknowledge that a nominal damages award is presumptively a technical victory that does not merit an award of attorneys' fees. Whenever the trial court determines that no fee or a low fee is proper, Farrar eliminates the need to apply multi-factor tests or calculate the lodestar. Indeed, Farrar permits a district court to determine the amount of any low fee award it deems is warranted by whatever means it chooses in its broad discretion. See Farrar, 506 U.S. at 115. Although we have cited favorably the factors noted by Justice O'Connor, Farrar does not establish any rule strictly governing when a nominal damages award signals de minimis success or dictating how fees must be calculated if a court determines that a low fee is appropriate. The only requirement that remains intact for awarding attorneys' fees in nominal damages cases is that if the court decides to award something other than no fee or a low fee, it must conduct a lodestar analysis."

Id., at 140-41.

## III.    DISCUSSION

This is not the rare case in which attorney fees are appropriate for a prevailing party who was awarded nominal damages. Applying the principles of Farrar and Velius to the case at bar, the court finds that given that this is a nominal damages case in which plaintiff's success was *de minimis*, no fee is appropriate.

First, the damages awarded are a minute fraction of those that were sought. Recovering private damages was a central purpose of this litigation. Plaintiff sought various forms of monetary damages in the four counts of his complaint. (Doc. 15).[1] While the record does not reflect the exact amount of damages plaintiff sought in this action, there is evidence that plaintiff did not accept a settlement offer of $25,000 from defendants, which gives an indication that plaintiff's desired damages were higher than that number. (Doc. 88-2). Plaintiff also turned down a Rule 68 offer of judgment of $10,000.00. (Doc. 88-1). See Jordan ex rel. Arenas-Jordan v. Russo, 2014 WL 869482, at *8 (W.D. Pa. Mar 5, 2014)("Since Plaintiffs did not accept the $10,000.00 offer of judgment, Maria Jordan's recovery of $1.00 can only be

---

[1] While plaintiff also sought injunctive relief forcing defendants to sign his FOP application, he did not receive that relief, and in fact, that request was moot. For the significant majority of the litigation of this case, the police department of Clifford Township had been disbanded, and the injunctive relief was thus not available to plaintiff.

considered a small fraction of the damages sought."). During closing statements, plaintiff's attorney spent considerable time arguing that the damages in the case were real and that compensatory damages were warranted, not merely nominal damages. (Docs. 74, 75). It is clear that plaintiff was not seeking mere nominal damages, and that $1.00 was far below what plaintiff hoped to gain from this litigation. Thus, the amount of damages awarded here is a tiny fraction of the amount sought. As the court must give primacy to the disparity between damages sought and damages awarded in determining if fees are appropriate when recovery of private damages was the purpose of the litigation, Farrar, 506 U.S. at 114, this important consideration weighs heavily against awarding fees in this case.

Although it need not consider the additional O'Connor factors, the court will do so briefly. The court notes that the legal issue in this case is not of particular significance. "Courts have assessed this factor in one of two very different ways: either by examining whether the legal issue on which the plaintiff prevailed was a central aspect of her entire claim, or by examining the importance of the legal right upon which the plaintiff prevailed as compared to other legal rights generally." Haines v. Forbes Road Sch. Dist., 2010 WL 56101, at *3 (M.D. Pa. Jan 5, 2010)(citing Hare v. Potter, 549 F.Supp. 2d 698, 706-07 (E.D. Pa. 2008); Phelps v. Hamilton, 120 F.3d 1126, 1132 (10th Cir. 1997)). Here, both factors weigh against plaintiff.

First, of plaintiff's four claims, only one went to trial. Viewing the

complaint as a whole, the association claim is properly considered as minor in relation to the entirety of plaintiff's complaint. Second, while the court does not suggest that the First Amendment right to associate is unimportant, the Third Circuit has noted that "every civil rights case in which the plaintiff prevails on the merits vindicates some right" and, therefore, "it cannot be the case that the mere vindication of rights alone suffices to distinguish those cases in which the presumption of no fee is overcome." Velius, 466 F. App'x, at 141, n. 4. The fact that plaintiff's right to associate was technically vindicated here does not make this a case where fees are appropriate.

Of special note is that the violation of the right here was a technical one. In fact, the jury explicitly found that plaintiff did not show that he suffered "actual injury." (Doc. 69). While defendants failed to sign plaintiff's application while waiting for their lawyer to get back to them about their legal obligations in regards to signing the form, they did not say that they did not want him to join a union or keep him from meeting or speaking with union officials. Moreover, while the form was never signed, there was never a statement by the defendants that it would not be signed. Instead, the police department was disbanded and the issue became moot. Thus, the circumstances surrounding the violation of the right underscore that it is merely a technical one. *See* Jordan, 2014 WL 869482, at *9 (considering factors which highlighted the technical nature of the violation in considering the "importance of the right" factor).

Furthermore, plaintiff's claim is not one with an important public purpose. At trial, plaintiff's counsel herself made a point of the unusual nature of defendants' behavior, soliciting testimony that local FOP officials had never heard of another case of a township's supervisors failing to sign an FOP application. Moreover, at trial there was some indication that FOP chapters throughout the country do not uniformly require a supervisor's signature, a circumstance which makes the holding of this case fact-specific and context-specific. These circumstances, coupled with the technical nature of the violation, indicate that the verdict in this case does not establish a broadly applicable rule of law that establishes how township supervisors ought to behave. The context was specific and narrow, and the defendants' behavior admittedly unusual. *See* id., at *10 (considering factors indicative that the circumstances of the case were "unusual and unlikely to occur with any frequency in the future").

Plaintiff relies heavily on the fact that the jury awarded him punitive damages, arguing that their award demonstrates that he had substantial success. But plaintiff cannot reasonably rely on an award that was not legally justified, and which has been dismissed, as evidence that he was successful. The result of his trial was an award of nominal damages, and, as nothing indicates to the court that the presumption of no attorney fee should be overcome in this case, plaintiff's motion for fees is **DENIED**.

Although defendants argued that no fee award was appropriate in this

case, they presented alternative arguments that plaintiff's fee request was not reasonable because the billing was excessive and the hourly rate too high, among other arguments. In response to these arguments, plaintiff moved to compel defendants to produce their attorney's billing information on this case to demonstrate that his attorney's time spent on this case was reasonable. (Doc. 93). Because the court has determined that no fee is appropriate, it will not engage in a lodestar analysis, and therefore will not address the specifics of plaintiff's request for fees. Plaintiff's motion is thus **DISMISSED AS MOOT**.

IV.   **CONCLUSION**

For the foregoing reasons, plaintiff's motion for attorney fees and costs, (Doc. 78), is **DENIED**. Plaintiff's motion to compel defendants to submit the time sheets of their attorney, (Doc. 93), is **DISMISSED AS MOOT**. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: June 23, 2014**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2012 MEMORANDA\12-0553-04.wpd