**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DONALD A. CARROLL,** | : |
| | : |
| **Plaintiff** | **CIVIL ACTION NO. 3:12-0553** |
| | : |
| v. | : |
| | **(JUDGE MANNION)** |
| **CLIFFORD TOWNSHIP, *et al.*,** | : |
| | : |
| **Defendants** | : |

# M E M O R A N D U M

Plaintiff, a township police officer, brought this suit against Clifford Township and two of its three supervisors. He alleged that they had retaliated against him for filing lawsuits and other behavior by, among other actions, decreasing the police department budget and eventually disbanding the police department. Plaintiff brought four claims, three for First Amendment retaliation and one for interference with his First Amendment right of association for the township supervisors' failure to sign his application for the Fraternal Order of Police ("FOP"), a union. Plaintiff's First Amendment retaliation claims were disposed of at the summary judgment stage, and his case proceeded to trial on one sole issue: whether his First Amendment right of association had been interfered with by the failure to sign the FOP application. The trial resulted in a $1.00 verdict for plaintiff, and defendants now move for judgment as a matter of law. The motion is **DENIED**.

## I. BACKGROUND

In this case, plaintiff Clifford Township police officer Donald Carroll brought several claims against Clifford Township and two of its township supervisors, Dennis Knowlton and Chris Marcho, pursuant to 42 U.S.C. §1983. The third township supervisor, Barry Searle, commissioner of the township police force, was not a defendant in the case. Plaintiff's claims for First Amendment retaliation were disposed of at the summary judgment stage, with the court determining that the township had disbanded the police department for financial reasons and that there was no question of material fact sufficient to allow the question of whether plaintiff had been retaliated against to go forward. The decision left only one issue for trial - whether the defendants had violated plaintiff's First Amendment right to association by failing to sign his application to become a member of the Fraternal Order of Police ("FOP").

Following the two-day trial, the jury returned a verdict for plaintiff, and awarded him $1.00. The jury also awarded plaintiff punitive damages of $30,000.00. The court dismissed the punitive damages, finding that the evidence at trial did not support a finding that the individual defendants acted with the necessary ill intent or recklessness to justify them. (Docs. 82, 83). Defendants then moved for judgment as a matter of law, requesting that the jury's verdict be reversed. (Doc. 98). The motion has been briefed. (Docs. 99, 105, 106).

## II. DISCUSSION

Defendants have moved for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(b) on the grounds that the defendants are entitled to qualified immunity and that plaintiff failed to demonstrate causation. A party may move for judgment as a matter of law "at any time before the case is submitted to the jury." Fed.R.Civ.P. 50(a)(2). If the court denies the pre-verdict motion, the movant may renew her motion within 28 days after the entry of judgment. Fed.R.Civ.P. 50(b). "Since the post-submission motion is nothing more than a renewal of the earlier motion," however, the party may not raise any new issue that she did not raise in her pre-verdict motion. In re Prosser, 534 F.App'x 126, 131 (3d Cir. 2013).

Plaintiff here raised both grounds for relief at trial. (Doc. 74, at 163-65). The court addressed the issues at that time and denied the motion. As to qualified immunity, the court ruled that, because it was raised for the first time at trial, the defense had been waived, and, alternatively, that qualified immunity was not appropriate to the facts of the case. (Id., at 165). "Qualified immunity is an affirmative defense and generally must be included in a responsive pleading or may be considered waived," although so long as plaintiff suffers no prejudice, it may be raised at any time. Sharp v. Johnson, 669 F.3d 144, 158 (3d Cir. 2012). Plaintiff does assert that the late raising of the affirmative defense was prejudicial. (Doc. 105, at 5). However, the court need not rest its decision on the issue of waiver, because defendants are not

3

entitled to qualified immunity in any case.

Defendants rely on [Kelly v. Borough of Carlisle, 622 F.3d 248 (3d Cir. 2010)](), in which a police officer was granted qualified immunity when, at the scene of a traffic stop, the officer, believing that there was cause to make an arrest, called an assistant district attorney to inquire whether he had enough probable cause to make an arrest. Finding that the officer reasonably relied on the reasonable advice of the ADA, the court determined that he was entitled to qualified immunity. Kelly is inapt here. The officer in that case sought and received advice, and reasonably acted on it, within a short time period while a traffic stop was unfolding. The defendants in this case, however, sought advice, but never received it over the course of months. Allowing qualified immunity for circumstances like the present one could encourage defendants to be dilatory in their duties under the cover of waiting for advice from counsel. The rule from Kelly does not control this case, and qualified immunity is not appropriate here where plaintiff's right to join a union was clear and there was a months-long delay in waiting for the solicitor's advice regarding whether to sign the FOP application form.

Defendants also move on the ground that they did not directly cause the violation of plaintiff's constitutional right because signing the form was not sufficient to admit plaintiff into the FOP. This argument is not persuasive. The defendant supervisors did not sign the application form for the FOP, and there was testimony at trial that signing the form was necessary for membership in

the local FOP. The jury apparently credited that testimony. The evidence at trial established that while signing the form was not sufficient for membership in the FOP, it was necessary for membership. The jury found that defendants caused the violation of plaintiff's rights. There is nothing that demands that decision be overturned as a matter of law.

To the extent that defendants are claiming that there can be no Monell liability in this case, that is a separate argument from causation, and was not a ground for relief raised when defendants moved for judgment as a matter of law at trial. (Doc. 74, at 163-64). Defendant's motion at trial focused solely on the ground that the failure to sign the form did not directly cause the violation, and did not mention municipal liability at all. "[A] defendant's failure to raise an issue in a Rule 50(a)(2) motion with sufficient specificity to put the plaintiffs on notice waives the defendant's right to raise the issue in their Rule 50(b) motion." Williams v. Runyon, 130 F.3d 568, 571-72 (3d Cir. 1997)(*citing* Perdoni Bros., Inc. v. Concrete Sys., Inc., 35 F.3d 1, 3 (1st Cir. 1994) ("The law is crystal clear that a party may not base its motion for a judgment n.o.v. on a ground that was not argued in its motion for directed verdict."). Thus, the court will not consider the Monell ground for judgment as a matter of law.

### III.    CONCLUSION

For the foregoing reasons, defendants' motion for judgment as a matter of law, (Doc. 98), is **DENIED**. The Clerk is directed to close the case.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: July 28, 2014**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2012 MEMORANDA\12-0553-05.wpd