**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DONALD A. CARROLL,** | : |
| | : |
| **Plaintiff,** | **CIVIL ACTION NO. 3:12-0553** |
| | : |
| v. | |
| | :   (JUDGE MANNION) |
| **CLIFFORD TOWNSHIP,** *et al.*, | |
| | : |
| **Defendants**. | : |

### MEMORANDUM

Presently before the court is the issue of the amount of costs to be awarded to the plaintiff in light of the Third Circuit Opinion issued in the above-captioned case. On March 28, 2012, the plaintiff, Donald A. Carroll, filed the instant civil rights action under 42 U.S.C. §1983 against Clifford Township and two individual defendants, asserting a denial of his freedom of association. The facts of the case are well-known to the parties and do not require elaboration here.[1]

On January 18, 2013, the defendant presented the plaintiff with an Offer of Judgment under Fed. R. Civ. P. 68(d) in the amount of $10,000 plus reasonable attorney's fees. (Doc. 117-1). The plaintiff declined the offer. At trial, the jury returned a verdict of $1.00 in nominal damages and $15,000 in

---

[1] For details on the case's factual background, see *Carroll v. Clifford Twp.*, Nos. 14-3357 & 14-3606, 2015 WL 5138095 (3d Cir. Sept. 2, 2015) at *1-2.

punitive damages each against the two individual defendants. Following the trial, the plaintiff moved for attorney's fees, (Doc. 78), and the defendant countered on several grounds, including that the plaintiff had rejected the Offer of Judgment, (Doc. 88). The plaintiff did not address this point in his reply brief. (Doc. 92). Thereafter, on June 23, 2014, this court: (1) vacated the award of punitive damages, finding insufficient evidence to sustain them; and, (2) denied the plaintiff's motion for attorney's fees under 42 U.S.C. § 1988(b) and costs under Fed. R. Civ. P. 54(d)(1). (Doc. 103). On appeal, the Third Circuit affirmed the court's vacatur of punitive damages and denial of attorney's fees; however, the Third Circuit vacated the court's denial of an award of costs under Rule 54(d) and remanded for an award of costs allowed under 28 U.S.C. §1920. Carroll, 2015 WL 5138095 at *3. On October 9, 2015, this court requested that the parties submit briefs on the effect that the Offer of Judgment has on the case and whether the offer is viewed against the judgment rendered in the jury verdict or the judgment ordered by the court. (Doc. 116). Pursuant to the court's October 9, 2015 order, the defendant submitted a 4-page brief with exhibits, (Doc. 117), and the plaintiff submitted a 1-page letter, (Doc. 118).

> Rule 68 states, in relevant part:
>
> (a) At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued.
> . . .
> (d) If the judgment that the offeree finally obtains is not more

2

> favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

The purpose of the rule is to encourage settlement. Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 726 F.3d 403, 412 (3d Cir. 2013). In the instant case, the plaintiff submits that the jury verdict of $30,001 exceeds the Offer of Judgment of $10,000. (Doc. 118). The plaintiff seeks costs in the amount of $2,685.08 for the time period from March 17, 2012 through March 17, 2014. (Doc. 78, Doc. 78-2). The defendant argues that the plain language of the rule is clear, and that the plaintiff finally obtained a judgment of $1.00, which is not more favorable than the offer. The defendant further argues that the plaintiff should only be awarded the costs expended prior to the January 18, 2013 Offer, which total $430.77. (Doc. 88).

The plaintiff did not respond to the defendant's argument when it was first made in the course of the initial briefing on the motion for attorney's fees, and the plaintiff most recently filed a letter that substantively addressed the issue in one sentence. This paltry response does nothing to support the plaintiff's position and is akin to an outright failure to respond. This alone militates against a ruling in favor of the plaintiff. See L.R. 7.6 ("Any party who fails to comply with this rule shall be deemed not to oppose such motion."). Nonetheless, the outcome on this issue may be independently based on the merits. As the defendant argues, the plain language of Rule 68 states that the amount of the Offer of Judgment must be compared with "the *judgment* that

3

the offeree *finally obtains*." Fed. R. Civ. Proc. 68(d) (emphasis added). Although the jury returned a verdict awarding the plaintiff with $30,001, (Doc. 69), the final judgment entered in favor of the plaintiff was $1.00, (Doc. 84), which is less than the defendant's unaccepted offer of $10,000. See Brown v. Cox, 286 F.3d 1040, 1047 (8th Cir. 2002) (viewing the "actual judgment" for purposes of Rule 68 as the judgment awarded to plaintiff following remittitur and not the jury verdict). Accordingly, the plaintiff is only entitled to the costs accumulated prior to the January 18, 2013 Offer amounting to $430.77. An appropriate Order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: November 12, 2015**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2012 MEMORANDA\12-0553-06.wpd